IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robert E. Haynes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 21 C 6647 |
| | ) | |
| | ) | |
| KONE, Inc. Employees' | ) | |
| Retirement Plan, and KONE, | ) | |
| Inc., | ) | |
| | ) | |
| Defendants. | ) | |

<u>Order</u>

Plaintiff Robert Haynes formerly worked for defendant KONE, Inc., where he received pension benefits under the KONE, Inc. Employees' Retirement Plan ("the Plan"). Although he primarily worked for KONE in the United States, he worked in Canada from 2011 to 2016. After learning that his pension benefits were lower than expected during his international assignment, plaintiff sought redress through defendants' claim process. When defendants denied his claim, plaintiff filed this suit under the Employee Retirement Income Security Act of 1974 (ERISA). Defendants now move to amend their answer to the amended complaint and for a protective order. For the reasons below, the motions are granted.

I.

Plaintiff opposes defendants' motion to amend their answer only as to paragraphs 19–21 and 24. Dkt. No. 42 at 1. Because a Rule 16(b) scheduling order has been entered in this case, Dkt. No. 14, the proper standard to apply to the request for leave to amend is Rule 16(b)'s "good cause" standard. *See Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). This standard "primarily considers the diligence of the party seeking amendment." *Id.* (citation and quotation marks omitted). "In other words, in order to demonstrate 'good cause' a party must show that despite their diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) (citing 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990) ("Good cause" means scheduling deadline cannot be met despite party's diligence); additional citation omitted).

Plaintiff did not file his amended complaint until April 11, 2022, which was three days after defendants' April 8, 2022, deadline to file their amended answer. It was thus impossible for defendants to meet the deadline despite diligence. *See Hurtado v. Raly Dev., Inc.*, 281 F.R.D. 696, 699 (S.D. Fla. 2012) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). After defendants filed their answer on May 6, 2022, Dkt. No. 26, the parties began discussing possible amendments to that pleading.

2

*See, e.g.*, Dkt. No. 35-1. Less than three months after filing their answer, defendants moved for leave to amend. Defendants have therefore been sufficiently diligent in seeking to amend their answer and have met Rule 16(b)'s good cause standard.

Defendants have also made the required showing that amendment is proper under Rule 15. *See Caliber One Indem. Co. v. Millard Chi. Window Cleaning, LLC*, No. 04 C 2424, 2005 WL 1206472, at *3 (N.D. Ill. May 12, 2005). Under this rule, leave to amend should be freely given "'[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff does not raise any of these concerns, but claims that the proposed changes would insert denials where there are currently admissions. A comparison of the two versions, however, does not reveal that to be the case. In the relevant paragraphs, the present iteration answers by stating that certain documents "speak for themselves" (or "speaks for itself") and denying any allegations "inconsistent with a plain meaning reading" of those documents. *See* Dkt. No. 26 ¶¶ 19–21, 24. The proposed amendments

3

remove this language and opt for a more specific delineation of what is admitted. Plaintiff does not provide any examples of facts previously admitted that would be denied under the amendments, and offers no other reason why these changes will prejudice him. Accordingly, I grant defendants' motion to amend.

II.

Defendants also move for a protective order relieving them from having to answer or further object to plaintiff's interrogatories and requests for production. The parties disagree both as to what standard of review applies in this case and what discovery is appropriate under that standard.

A.

Where a benefit plan gives the administrator discretion to interpret and administer a plan, "judicial review of the administrator's decision is limited to an arbitrary-and-capricious standard," *Tompkins v. Cent. Laborers' Pension Fund*, 712 F.3d 995, 999 (7th Cir. 2013), under which "review is limited to the administrative record," *Krolnik v. Prudential Ins. Co. of Am.*, 570 F.3d 841, 843 (7th Cir. 2009) (citing *Perlman v. Swiss Bank Corp.*, 195 F.3d 975 (7th Cir. 1999)). Otherwise, de novo review is appropriate. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The Plan in this case gives the administrator the power "[t]o construe and interpret the Plan, decide all questions of eligibility and determine the amount, manner and time of payment

4

of any benefits under the Plan, which interpretation shall be final and binding on all parties." Dkt. No. 31-6 at 3, 5. Thus, arbitrary-and-capricious review is appropriate.

Plaintiff nonetheless argues that a de novo standard applies because defendants failed to substantially comply with procedural safeguards mandated by ERISA when they "gave Plaintiff no 'relevant' information after denying his claim." Dkt. No. 37 at 5. The regulations require that a claimant be given "reasonable access" to information relevant to a denied claim for benefits, 29 C.F.R. § 2560.503-1(h)(2)(iii) (2002), where "relevant" information is that "relied upon in making the benefit determination," *id.* § 2560.503-1(m)(8)(i). In the context of benefits governed by ERISA, "if the administrator 'substantially complies' with the prescribed procedures--in other words, if [a] violation is relatively minor--then the court will still defer to the administrator's decision." *Fessenden v. Reliance Standard Life Ins. Co.*, 927 F.3d 998, 1000 (7th Cir. 2019). The substantial compliance inquiry is "guided by the question of whether the beneficiary was provided with a statement of reasons that allows a clear and precise understanding of the grounds for the administrator's position sufficient to permit effective review." *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 775 (7th Cir. 2003) (citing *Halpin v. W.W. Grainger*, 962 F.2d 685, 690, 694 (7th Cir. 1992)). Defendants substantially complied

here because, for both the initial denial and denial of the appeal, they explained to plaintiff how they reached their determination.

The initial letter denying plaintiff's claim states the materials relied on: "the controlling Plan documents, Mr. Haynes' salary history and retirement benefit calculations, as well as [plaintiff's lawyer's letter] and the supporting documents included therewith." Dkt. No. 37-7 at 1. Defendants did not attach these materials to the letter, but it is not clear that they needed to, since plaintiff already had access to this information. For example, plaintiff had access to the materials his lawyer submitted as part of the claim, including the relevant Plan documents and information about plaintiff's salary history. Dkt. No. 37-6. In response to plaintiff's insistence that they should have used a different "base salary" to calculate his pension-eligible salary, defendants explained that amounts paid to Canadian taxing authorities were excluded, Dkt. No. 37-7, which they had previously explained, *see* Dkt. No. 37-3 at 1; Dkt. No. 37-6 at 24. Plaintiff also already knew his yearly pensionable salary as determined by defendants. *See* Dkt. No. 37-3 at 2; Dkt. No. 37-4 at 2.

Following this initial determination, plaintiff's counsel requested "everything within the definition of 29 CFR 2560.503-1(m)," specifically seeking compensation records and how defendants computed base salary prior to plaintiff's international assignment. Dkt. No. 37-8 at 11. Although defendants were slow to

produce these materials, they never refused to do so. In fact, the record indicates that defendants intended to produce the materials, but were having technical difficulties, and that they offered to extend the deadline for plaintiff's appeal. Dkt. No. 37-8. Plaintiff decided to move forward with the appeal before defendants produced these materials, but it is not clear that means defendants violated ERISA's procedural requirements. Nor does plaintiff explain how he would have been prejudiced had he waited to submit his appeal. But even if I deemed defendants' delay in providing these materials a procedural violation, plaintiff has not shown how that brings defendants out of substantial compliance. Defendants gave reasons for their initial denial of benefits; gave plaintiff an opportunity to appeal that denial; and provided plaintiff with a reasoned decision denying that appeal, this time attaching materials to the letter.

In support of his argument that defendants did not substantially comply with the required procedures, plaintiff cites to *Fessenden*, 927 F.3d 998, and *Matuszak v. Torrington Co.*, 927 F.2d 320 (7th Cir. 1991). *Fessenden* is distinguishable because in that case, the court held that "the 'substantial compliance' exception does not apply to blown deadlines." 927 F.3d at 1000. The court reasoned that, while other procedural requirements may be "substantially complied" with, deadlines are "bright line[s]" for which there is no room for deviation. *Id.* The present case

7

does not concern a missed deadline, so *Fessenden* is inapposite. *Matuszak* is equally distinguishable. There, the court held that de novo review was appropriate because the administrator changed its reasons for denying benefits during litigation, 927 F.2d at 322 & n.3, something that has not occurred here.

B.

The parties next dispute what discovery is appropriate under an arbitrary and capricious standard, where "review is limited to the administrative record." *Krolnik*, 570 F.3d at 843 (citation omitted). Plaintiff contends that the materials attached to the letter denying his appeal cannot constitute the complete administrative record because, in his view, defendants withheld some materials. In reviewing an administrator's benefit determination, courts "assume that all written materials germane to the interpretation of [the Plan] were contained in the administrative record." *Vallone v. CNA Fin. Corp.*, No. 98 C 7108, 2000 WL 1015936, at *2 (N.D. Ill. May 16, 2000); *see Weddington v. Aetna Life Ins. Co.*, No. 15 C 1268, 2015 WL 6407764, at *4 (N.D. Ill. Oct. 21, 2015) (rejecting plaintiff's claim that administrator relied upon information not contained in the administrative record because plaintiff failed to offer supporting evidence to raise suspicion). In some cases, courts have required administrators to submit an affidavit attesting that the administrative record provided was complete. *See, e.g., Allen v.*

8

*Lilly Extended Disability Plan*, No. 16-cv-02224-TWP-TAB, 2018 WL 2688186, at \*4 (S.D. Ind. June 4, 2018). Defendants have already done that. *See* Dkt. No. 33 ¶ 6. Thus, in the absence of evidence to the contrary, I consider the materials provided by defendants to comprise the administrative record.

To be entitled to discovery beyond this record, a claimant must (1) "identify a specific conflict of interest or instance of misconduct" by the administrator and (2) "make a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 815 (7th Cir. 2006) (citation omitted). Here, there is a structural conflict of interest to account for because the plan administrator in this case "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket," *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008), but that alone is insufficient to open the door to discovery. *Dennison v. MONY Life Ret. Income Sec. Plan for Emps.*, 710 F.3d 741, 747 (7th Cir. 2013). A claimant still must meet *Semien*'s two requirements. *Id.*

Plaintiff has not identified a specific conflict of interest, so has not met the first *Semien* requirement. It is true that, in the letter denying benefits, defendants noted their responsibility to "administer the Plan on a uniform and consistent basis for all Plan participants." Dkt. No. 37-9 at 1. Plaintiff asserts

defendants have not done so, but without any evidence to support his assertion, this amounts to a "thinly based suspicion" insufficient to permit discovery.[1] *Dennison*, 710 F.3d at 746. Plaintiff similarly fails to offer evidence that defendants "threw [his claim submission] in the trash can." Dkt. No. 37 at 14 (citations omitted). Defendants' failure to produce these documents as part of their Rule 26(a) disclosure does not mean they did not consider the submission, nor does it otherwise suggest a specific conflict.

Plaintiff next argues that additional discovery is appropriate because the information he needs "lies exclusively within the control of Defendants." *Young v. Verizon's Bell Atl. Cash Balance Plan*, 498 F. Supp. 2d 1101, 1107 (N.D. Ill. 2007). However, *Young* is distinguishable. In that case, the defendants admitted that under the language of the benefit plan, the plaintiff

---

[1] Plaintiff cites to one case in which the court allowed limited discovery--consisting of interrogatories asking whether the administrator had ever interpreted the relevant plan provisions differently than in that case, and if so, what the circumstances were--because the defendant had "opened the door" to this issue by stating that it had consistently applied the plan. *Ryan v. Cargill, Inc.*, 73 F. Supp. 3d 994, 1001 (C.D. Ill. 2014). Although evidence of nonuniform application of the Plan in this case could suggest a conflict of interest, identification of a "specific conflict of interest or instance of misconduct" is "a prerequisite to discovery, not a goal of discovery." *Dennison*, 710 F.3d at 747. Defendants' statement in its letter to plaintiff that it has a duty to apply the Plan uniformly is not itself a specific conflict or instance of misconduct, so that statement alone does not justify discovery under *Semien* and *Dennison*.

was entitled to additional benefits, but that the language was the result of a "scrivener's error." The court noted that the "Seventh Circuit has never addressed the availability of Defendants' scrivener's error defense, the standard of review that applies, or the effect the defense has on discovery." *Id.* Because only defendants had access to the information the court needed to resolve that dispute, discovery was warranted. By contrast, this case concerns a disagreement over the interpretation and application of certain Plan terms such as "total base salary" and "actually paid." Defendants have not admitted to an error in the Plan language; rather, they claim to have acted in accordance with the terms of the Plan language. Since the question revolves around the proper interpretation of benefit plan language, additional discovery absent a showing of a conflict is not warranted. *See, e.g.*, *Ryan*, 73 F. Supp. 3d at 997.

## III.

Plaintiff finally contends that defendants failed to comply with Rule 26(c) by not attempting to meet and confer regarding this discovery dispute, and that I should deny their motion on that basis. Even if defendants' request to confer came the day before the discovery deadline, however, defendants did attempt to confer and certified that fact in their motion.

IV.

For the foregoing reasons, defendants' motions to amend their answer to the amended complaint and for a protective order are granted. Defendants should file the amended answer, as it has been represented in briefing on this motion, no later than 14 days after entry of this order.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: September 29, 2022

12